**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sidi Spaces LLC,<br><br>            Plaintiff,<br><br>v.<br><br>CGS Premier Incorporated,<br><br>            Defendant. | No. CV16-01670-PHX-DGC<br><br>**ORDER** |

Defendant moves to transfer this case to the U.S. District Court for the Eastern District of Wisconsin. Doc. 7. Plaintiff has filed an opposition, to which Defendant has replied. Docs. 15, 16. No party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.     Background.**

For purposes of this motion, the allegations in the complaint are accepted as true, unless contradicted by Defendant's declarations.[1] Plaintiff is an Arizona corporation, and Defendant is a Wisconsin corporation with operations in the Eastern District of Wisconsin. Doc. 1-1 at 4-9 (hereinafter *Complaint*), ¶¶ 1-2; Doc. 8, ¶ 2. On December 4, 2013, the parties entered an agreement (Doc. 1-1 at 10-19) whereby Plaintiff granted Defendant the exclusive right to manufacture and sell mobile stores employing its

---

[1] Each party submits a declaration from its president. Docs. 15-1 (declaration of Charles Sidi, hereinafter *Sidi Decl.*); 8 (declaration of Gregory Peterson). Defendant also submits a declaration from its CFO. Doc. 17 (declaration of Thomas Berte, hereinafter *Berte Decl.*).

BizBox design.[2]  *Complaint*, ¶ 4.  Defendant agreed to pay a 15% royalty on each BizBox it sold and to refrain from selling any products below a specified minimum price.  ¶¶ 10, 12.  Defendant also agreed that Plaintiff would retain exclusive ownership rights to the BizBox design.  ¶ 13.  The parties agreed that the contract would be "construed under the laws of the state of Wisconsin."  Doc. 1-1 at 14.

Plaintiff alleges that Defendant has violated the agreement by stealing the BizBox design, building knock-off products, and selling its knock-offs without paying royalties to Plaintiff.  *Complaint*, ¶ 17-18.  "Moreover, on at least one occasion, Defendant sold BizBox Product at a discount, in violation of the Agreement, in order to steal a valuable client away from Plaintiff."  ¶ 21.  Based on these allegations, Plaintiff asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with business expectancy or contractual relations.  ¶¶ 22-40.

Defendant has filed an answer and asserted a counterclaim.  Defendant alleges that before initiating this action, Plaintiff's counsel sent a letter to Defendant demanding payment of $1,766,000 for alleged wrongdoing including "multiple counts of patent infringement."  Doc. 6 at 13-16, ¶ 1.  Defendant alleges that this letter constituted a "patent notification" letter for purposes of Wis. Stat. § 100.197.  ¶ 4.  Defendant further alleges that Plaintiff violated the Wisconsin statute by (1) failing to include certain required information in the letter, including the number of each relevant patent, and (2) including false, misleading, or deceptive information in the letter.  ¶¶ 4-5.

**II.  Legal Standard.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The Court must decide a motion to transfer under this provision "according to an individualized, case-by-case consideration of convenience and fairness."

---

[2] A mobile store is a structure similar to a mobile home that is used as a storefront. An image is available at www.bizbox4u.com/model2point0.asp.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotation marks omitted). The Ninth Circuit has identified eight non-exclusive factors that are relevant to this determination:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Id.* at 498-99. The movant has the burden of showing that transfer is appropriate, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981), and "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**III.   Analysis.**

Because Defendant resides in the Eastern District of Wisconsin, this action could have been brought in that district, 28 U.S.C. § 1391(b)(1), and could be transferred there if such transfer would serve "the interest of justice," 28 U.S.C. § 1404(a). But a review of the relevant factors shows that transfer would not serve the interest of justice.

The first factor favors Arizona. Plaintiff's president, Charles Sidi, avers that he twice met with Defendant's CFO Tom Berte in Arizona during contract negotiations. *Sidi Decl.* ¶ 4(a), (b). Sidi also met with Berte in Arizona the day after the agreement was executed. *Id.* ¶ 4(d). Berte acknowledges that he met with Sidi more than once during contract negotiations. *Berte Decl.* ¶ 3. Defendant does not contend that Sidi ever travelled to Wisconsin during the negotiations.

The second factor favors Wisconsin. Plaintiff concedes that Wisconsin law applies to its claims because of the choice of law provision in the agreement. Doc. 15 at 4. Moreover, Defendant's counterclaim is based on a Wisconsin statute. But the legal issues raised by the parties do not appear to be especially complex, reducing the weight of this factor.

The third factor favors Arizona. Courts do not lightly disturb a plaintiff's choice of forum, particularly where, as here, the "forum chosen is not only the plaintiff's domicile but also has a significant connection with the subject matter of the case." *L.A. Mem'l Coliseum v. Nat'l Football League*, 89 F.R.D. 497, 499-500 (C.D. Cal. 1981).

The fourth factor favors Arizona. Plaintiff is an Arizona corporation and an Arizona resident. Defendant also has contacts with Arizona. Sidi avers that he met with Defendant's principals in Arizona on eight occasions to discuss the manufacture and sale of BizBox units. *Sidi Decl.*, ¶ 4; *cf. Berte Decl.* ¶ 3 ("I did meet with Mr. Sidi on a number of occasions in Arizona. Most of those meetings took place prior to the execution" of the agreement.). Berte also owns a home in Arizona, where he conducts business approximately six months out of the year. *Sidi Decl.* ¶ 6; *Berte Decl.* ¶ 8. By contrast, Plaintiff does not appear to have significant ties to Wisconsin.[3]

The fifth factor is neutral. Plaintiff's claims arise partly out of Defendant's conduct in Arizona – namely, its entry into an agreement with Plaintiff – and partly out of Defendant's conduct in Wisconsin – namely, its manufacture and sale of mobile stores. Defendant's counterclaim arises from a letter sent from Arizona to Wisconsin.

The sixth factor favors Wisconsin. Plaintiff identifies four specific witnesses he intends to call: "former employee of [Defendant], Jeff Polzin; Mr. Polzin's supervisor Brad Thomas; and, two of Defendant's principals (Tom Bert[e] and Greg Peterson)." *Sidi Decl.* ¶ 9. Plaintiff also indicates that it will call one or two individuals who are or were employed by Defendant. ¶ 11. All of these witnesses are from Wisconsin. *Berte Decl.* ¶¶ 9-10. Sidi appears to be the only potential witness who resides in Arizona. ¶ 11.

The seventh factor is neutral. Neither side identifies any unwilling nonparty witnesses it intends to subpoena. Because Defendant is able to compel the attendance of

---

[3] Defendant argues that the Court should look to 28 U.S.C. § 1400(b), the patent venue statute, for guidance on this factor, on the theory that Plaintiff could have asserted a patent infringement claim. The Court declines to do so. Plaintiff is master of its complaint, and has elected to assert contract and tort claims rather than patent infringement claims. The Court will not depart from the standard § 1404(a) analysis simply because Plaintiff might have brought a patent claim.

its current employees, and depositions may be taken of witnesses who cannot attend trial, it is not material whether these employees are subject to compulsory process in Arizona.

The eighth factor is neutral. Defendant argues that this factor favors Wisconsin because its mobile stores are located in Wisconsin. Defendant does not explain why it will be necessary for the factfinder to physically inspect the mobile stores, rather than comparing photographs, blueprints, etc. The Court therefore deems it unlikely that it will be necessary to transport the mobile stores to Arizona. *Cf. Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980) ("Of little significance is defendants' contention that a jury visit to the site of the accident may be appropriate. Defendants have presented nothing to the Court that could support the highly unusual practice of having a jury view the scene of an automobile accident.").

Of the eight factors considered, three favor Arizona, two favor Wisconsin, and three are neutral. Defendant has not made the "strong showing" required for transfer under § 1404(a). *Decker Coal*, 805 F.2d at 843.

**IT IS ORDERED** that Defendant's motion to transfer (Doc. 7) is **denied**.

Dated this 6th day of July, 2016.

_____
David G. Campbell
United States District Judge